FILED

JAN 15 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WILLIAM E. JANNISCH, | CV 16-00061-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| D. BATES, J. WARD, LEROY KIRKEGARD, STEVE KREMER, and K. HORSWILL, | |
| Defendants. | |

Plaintiff William Jannisch filed a Complaint under 42 U.S.C. § 1983 alleging Defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000, et seq. when they confiscated and destroyed his property. (Complaint, Doc. 2.) On November 26, 2018, the Court granted Defendants' substantive motion for summary judgment, this matter was dismissed, and judgment was entered. (Docs. 61, 62.) On December 26, 2018, Mr. Jannisch filed a Rule 59 and 60 Motion to Alter/Amend a Judgment and for Relief from a Judgment due to an Oversight. (Doc. 63.) On the same day, he filed a notice of appeal. (Doc. 64.) The Ninth Circuit has held Mr. Jannisch's appeal in abeyance pending resolution of his motion to alter/amend

1

judgment. (Doc. 66.)

The Ninth Circuit set forth the following grounds justifying reconsideration under Rule 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion is considered under Rule 60(b). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (*quoting Am. Ironworks &*

2

*Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)). Here, Mr. Jannisch's signed and dated his motion on December 20, 2018, which was within 28 days of the November 26, 2018 Judgment. Accordingly, the Motion will be analyzed pursuant to Rule 59(e), although the analysis and ruling would be the same if analyzed pursuant to Rule 60(b)(2).

Mr. Jannisch's argues Defendants did not meet their burden of demonstrating administrative remedies were available because he argues "all local remedies are obviously futile." (Doc. 63 at 1.) Defendants correctly argue that their failure to exhaust motion for summary judgment was denied on November 16, 2017. (Doc. 48.) As exhaustion was not the basis of the decision in this case, it cannot be a basis to alter or amend the judgment.

Next Mr. Jannisch argues that Defendants failed to provide all information regarding a confiscation and destruction log. (Doc. 63 at 2.) As Defendants point out, however, this is a discovery dispute which has not been raised before. The Court will not alter or amend a judgment based upon a discovery issue raised at this late date given that Mr. Jannisch failed to comply with Fed.R.Civ.P. 37(a)(1) and Local Rule 26.3(c).

Mr. Jannisch also argues that Defendants failed to comply with the Scheduling Order. (Doc. 63 at 2.) He argues no dispositive motions were filed

3

before the November 3, 2017 deadline set in the Scheduling Order and that defense counsel did not assume responsibility for convening a conference of all parties to prepare a final pretrial order. However, Defendants filed their dispositive substantive motion for summary judgment on November 3, 3017 (Doc. 44) and the responsibility for convening a conference to prepare a final pretrial order only applies if no dispositive motions were filed. (Doc. 20 at 8, ¶ II(7).)

Lastly, Mr. Jannisch argues Defendants were not entitled to qualified immunity but he does not argue an error of law or fact, he does not present newly discovered or previously unavailable evidence or that a different ruling is necessary to prevent a manifest injustice. The Court sees no basis to overturn its prior ruling on Defendants' motion for summary judgment.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Jannisch's Rule 59 and 60 Motion to Alter/Amend a Judgment and for Relief from a Judgment due to an Oversight (Doc. 63) is DENIED.

DATED this 15th day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court